CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED per Dvilk

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PHILLIP C. HAIRSTON, JR., | ) | CASE NO. 4:11CV00033 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of SSA, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's June 13, 2007 applications for a closed period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings.

In a decision issued on June 25, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since January 11, 2007, his alleged disability onset date, and that he remained insured through December 31, 2011. (R. 19.) The Law Judge determined that plaintiff's disorders of the lumbar spine and feet and a cognitive disorder

were severe impairments. (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 20.) The Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform sedentary work[1], except that he was restricted to simple repetitive routine work. (R. 21.) This RFC precluded plaintiff from performing his medium to heavy exertional past relevant work as a custodian, maintenance worker, and fork lift operator. (R. 24.) The Law Judge determined that prior to April 15, 2009, there were a significant number of jobs in the national economy that he could perform. (*Id.*) The Law Judge concluded that, on April 15, 2009, the date he aged into the category of an individual approaching advanced age[2], he met Rule 201.14[3] of the Medical-Vocational Guidelines ("grids")[4]. (R. 24-25.) Thus, the Law Judge found that beginning April 15, 2009, plaintiff was disabled under the Act and continued to be disabled through the date of his decision. (R. 25.)

---

[1] "Sedentary work" is defined by the regulations as involving lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a).

[2] Under the regulations, a person age fifty to fifty-four years old is deemed to be a person closely approaching advanced age. 20 C.F.R. §§ 404.1563(d), 416.963(d).

[3] Grid Rule 201.14 provides that a person is disabled if he is limited to sedentary work, is closely approaching advanced age, is a high school graduate or more, and his past relevant work experience is skilled or semiskilled with skills which are not transferrable. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

[4] The grids, located at 20 C.F.R. Part 404, Subpart P, Appendix 2, are tables "'that indicate the proper disability determinations for various combinations of age, education, and previous work experience in conjunction with the individual's residual functional capacity, i.e., his maximum capacity for sustained performance of the physical and mental requirements of the job.'" *Christmas v. Astrue*, 2010 WL 1027492, *3 n. 4 (W.D.Va. March 17, 2010) (quoting *Hall v. Harris*, 658 F.2d 260, 265 (4th Cir. 1981)).

2

Plaintiff appealed the Law Judge's June 25, 2009 partially favorable decision to the Appeals Council. (R. 5-7.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 5.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff's sole argument is that the Commissioner erred in adopting the Law Judge's finding that he did not meet § 12.05(C)[5]

---

[5] Section 12.05(C) of the Regulations provides:

12.05. Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

* * *

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

3

of the Listings, 20 C.F.R. Part 4, Appendix 1. (Pl's Brief, pp. 6-8.) Specifically, plaintiff argues that the new evidence submitted to the Appeals Council provided the very background demonstrating the requisite deficits in function prior to his attaining age twenty-two and demonstrated his entitlement to benefits under Listing § 12.05(C). (Pl's Brief, p. 6.) The undersigned agrees and finds that a remand is warranted to allow the Commissioner to consider the evidence in the first instance.

In his June 25, 2009 decision, the Law Judge addressed whether plaintiff's cognitive disorder met Listing §12.05(C). (R. 21.) The Law Judge acknowledged that plaintiff had submitted intelligence testing performed in April 2009 which revealed IQ scores of 66. (R. 21, 198-200.) Even so, the Law Judge concluded that plaintiff had failed to show that he suffered deficiencies in adaptive functioning prior to age twenty-two.[6] (R. 21.)

"The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the [Law Judge's] decision.'" *Wilkins v. Secretary of Health and Human Services*, 953 F.2d 93, 95-96 (4th Cir. 1991) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)); *Stevens v. Astrue*, 2011 WL 560927, at *5 (W.D.Va. February 8, 2011). Evidence is new if it is "not duplicative or cumulative," and material "if there is reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96. When a plaintiff seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. *Id.* n.3.

---

[6] The undersigned interprets this to mean the Law Judge believed plaintiff functioned above his I.Q.

4

As noted above, on June 6, 2011, the Appeals Council denied plaintiff's request for review. (R. 5-7.) The Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(R. 5-6.) Since the Appeals Council denied plaintiff's request for review, the Law Judge's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. As such, this court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings." *Wilkins*, 953 F.2d at 96.

Here, the new evidence provided to the Appeals Council by plaintiff's counsel consists of school records. (R. 202-218.) A note from a school psychologist dated December 22, 1966 reveals that plaintiff was experiencing little success, both socially and academically. (R. 206.) The school psychologist determined that plaintiff was functioning in the retarded range and special class placement was recommended. (*Id.*) On May 27, 1970, another school psychologist examined plaintiff. (R. 207-208.) The psychologist found plaintiff to be functioning within the retarded range of intelligence and determined that there was strong evidence suggesting that he was neurologically impaired. (R. 208.) The psychologist recommended continued placement in the class for children with retarded mental development. (*Id.*) Plaintiff was evaluated once again by a school psychologist on June 8, 1972. (R. 209-210.) I.Q. tests conducted revealed a verbal I.Q. of 77 and a performance I.Q. of 54. (R. 209.) His full scale I.Q. was 63, a result which indicated overall intelligence in the retarded range. (*Id.*)

5

The undersigned believes that this evidence was both new and material. Specifically, the evidence from the school psychologists fills the gap generated by the Law Judge's finding that plaintiff failed to show that he suffered deficiencies in adaptive functioning prior to age twenty-two. For this reason, the undersigned concludes that good cause has been shown to remand this case for further proceedings. Thus, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

March 26, 2012
Date