IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PHILLIP C. HAIRSTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:11-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: Hon. Jackson L. Kiser |
| Commissioner of SSA, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Hon. B. Waugh Crigler recommending that I grant Plaintiff's Motion for Summary Judgment [ECF No. 13] and remand this case to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g) (2011). The Commissioner filed a timely objection [*see* ECF No. 18], and Plaintiff filed a timely response [ECF No. 19], meaning that the objection is ripe for consideration. *See* FED. R. CIV. P. 72(b)(2). I have reviewed the Magistrate Judge's recommendation, the Commissioner's objection, Plaintiff's response, and the relevant portions of the record. For the reasons stated below, I will **OVERRULE** the Commisioner's objection, **ADOPT** Judge Crigler's R & R, **GRANT** Plaintiff's Motion for Summary Judgment, and **REMAND** this case to the Commissioner for further proceedings.

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On June 13, 2007, Plaintiff Phillip C. Hairston, Jr. ("Plaintiff") filed concurrent applications for Social Security Disability benefits and Supplemental Security Income benefits pursuant to Title II and Title XVI of the Social Security Act, respectively. *See* 42 U.S.C. §§ 401–433, 1381–1383f; (R. 10, 67, 69, 114, 121.) In his applications, Plaintiff alleged that he was disabled as of January 11, 2007. (R. 19.) Plaintiff's claims were denied initially on July 25,

2007, and upon reconsideration on December 17, 2007.  (See R. 17.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 11.)  On May 19, 2009, an ALJ held an administrative hearing to determine whether Plaintiff was under a disability within the meaning of the Social Security Act.  (R. 219-249.)  Plaintiff, Dr. Gerald Willis, a certified rehabilitation counselor, and Nancy Wilkinson, Plaintiff's former supervisor, all appeared and testified.  (*See id.*)  Plaintiff was represented by counsel.

On June 25, 2009, the ALJ submitted his decision including findings of fact and conclusions of law.  (R. 17-26.)  The ALJ applied the five-step evaluation process as set forth in 20 CFR §§ 404.1520(a) and 416.920(a).  The ALJ initially found that Plaintiff had not engaged in substantial gainful activity since January 11, 2007—his alleged disability onset date—and that he met the insured status requirements under the Social Security Act through December 21, 2011. (R. 19.)  He found that Plaintiff suffered from "disorders of the lumbar spine and feet and a cognitive disorder," which are severe impairments pursuant to 20 C.F.R. §§ 404.1520(c) and 416.920(c).  (R. 19.)  The ALJ found that these impairments neither met nor medically equaled any of the impairments listed in 20 C.F.R. Part 404, subpart P, appendix 1.  (R. 19.)  In making this finding, the ALJ noted:

> Regarding 12.05 of the medical listings for cognitive impairments, I.Q. scores of 66 were reported on recent intelligence testing performed in April 2009 at the request of counsel.  However, 12.05(C) is not met as the claimant has not been shown to have deficiencies in adaptive functioning prior to age 22.

(R. 21.)  Based on the evidence, the ALJ determined that Plaintiff "has the residual functional capacity to perform sedentary work . . . except that [Plaintiff] is restricted to simple repetitive routine work." (R. 21.)  The ALJ found Plaintiff is unable to perform any of his past relevant work as a custodian, maintenance worker, and a fork lift operator. (R. 24.)  Nevertheless, after

considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that jobs of which Plaintiff was capable of performing existed in significant numbers in the national economy prior to April 15, 2009.  (R. 24.)  The ALJ also concluded that, *after* April 15, 2009, "the date the claimant's age category changed,"[1] there were *not* a significant number of jobs in the national economy that Plaintiff could perform; as a result, Plaintiff was determined to be disabled starting on April 15, 2009, but he was *not* disabled prior to that date. (R. 25.)

      Subsequently, Plaintiff appealed the ALJ's partially favorable decision to the Appeals Council on August 25, 2009.  (R. 11.)  In light of the ALJ's determination that Plaintiff failed to meet the listing for cognitive impairments, Plaintiff submitted to the Appeals Council additional evidence pertaining to his I.Q. prior to the age of twenty-two that he claimed was both new and material.  (*See* R. 8.)  The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the ALJ's decision as the final decision of the Commissioner on June 6, 2011.  (R. 5–7).

      Plaintiff instituted the present civil action in this Court on August 2, 2011.  (Comp. [ECF No. 3].)   Thereafter, I referred this matter to Magistrate Judge B. Waugh Crigler for consideration of Plaintiff's and Commissioner's dispositive motions.  (Order, Dec. 27, 2011, [ECF No. 10].)  On March 26, 2012, Judge Crigler issued his Report and Recommendations in which he concluded that I should grant Plaintiff's Motion for Summary Judgment and remand the case to the Commissioner because the evidence Plaintiff submitted to the Appeals Council was both new and material.  (R & R. [ECF No. 17].)

---

[1] "The claimant was 47 years old on the alleged onset date of disability.  This is defined in the regulations as a younger individual age 45-49.  On April 15, 2009, the claimant was within six months of attainment of age 50 and his age category changed to an individual closely approaching advanced age . . . ."  (R. 24.)

On April 10, 2012, the Commissioner filed a timely objection to the Report and Recommendation. (Def.'s Obj. [ECF No. 18].) The Commissioner does not dispute that the evidence is new; rather, he only argues that it is not material. On April 23, 2012, Plaintiff timely filed his response to the objection. (Pl.'s Resp. to Def.'s Obj. [ECF No. 19].)

## II.    STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the Vocational Examiner, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is

supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

In a case such as this one, where a party asserts that the case should be remanded to consider new evidence, Congress has instructed the case to be remanded "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g) (2011). "A remand on the basis of new evidence is warranted only if the new evidence is material and there is good cause for its late submission." *Hayes v. Astrue*, 488 F. Supp. 2d 560, 564 (W.D.Va. 2007); *cf. Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (*superseded by statute*). Regardless of whether the evidence *existed* during the period on or before the Commissioner's decision, *see Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W.Va. 2003), "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome," *Wilkins v. Sec'y Dep't of Health & Humans Servs.*, 953 F. 2d 93, 96 (4th Cir. 1991) (en banc).

### III.   DISCUSSION

In his R & R, Judge Crigler recommends remanding the case in light of three I.Q. tests which suggest that the onset of Plaintiff's deficiencies in adaptive functioning began well before the age of 22. (*See* R & R pg. 5-6.) Not surprisingly, this is the only basis for the Commissioner's objection. In his partial denial of benefits, the ALJ concluded that section "12.05(C) is not met as the claimant has not been shown to have deficiencies in adaptive

---

[2] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

functioning prior to age 22." (R. 21.) Plaintiff offered additional evidence to the Appeals Council showing school testing which indicated full scale IQs of: 68 when Plaintiff was seven years old; 68 when Plaintiff was ten years old; and 63 when Plaintiff was twelve years old. The Appeals Counsel rejected that evidence. (See R. 5-6.) Plaintiff contends that this additional information is both "new" and "material," justifying remand. (*See* Pl.'s Br. in Sup. of Mot. for Summ. J. pg. 7-8.) The Commissioner says that, because I.Q. is not stabilized before the age of 16, see 20 C.F.R. pt. 404, subpt. P, app. 1 § 112.00(D)(10) (2011), evidence relating to Plaintiff's I.Q. before the age of 16 is invalid, irrelevant, and has no bearing on the determination of Plaintiff's disability status. I do not agree.

> The mental retardation listed impairment provides, in pertinent part:
>
>> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>> The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.
>> . . .
>> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; or
>> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>> 1. Marked restriction of activities of daily living; or
>> 2. Marked difficulties in maintaining social functioning; or
>> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>> 4. Repeated episodes of decompensation, each of extended duration.
>
> 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (2011); *see also Gibson v. Astrue*, Case No. 2:10cv00060, 2011 WL 6888532, at *1 (W.D. Va. Dec. 29, 2011).

The Commissioner does not take issue with Judge Crigler's conclusion that the information regarding Plaintiff's I.Q. testing in school was new, but only that it was material.[3] He relies exclusively on *Gibson v. Astrue*, No. 2:11cv00060, 2011 WL 6888532 (W.D. Va. Dec. 29, 2011), and the applicable Regulations in making this argument. In *Gibson*, the District Court rejected childhood I.Q. scores similar to the ones at issue here, saying "Gibson's childhood scores were obtained more than a quarter century ago, making them invalid at the time of the ALJ's decision." *Id.* at *2. The District Court did so on the basis of the very same regulations the Commissioner now cites. *See* 20 C.F.R. pt. 404, subpt. P, app'x 1 § 112.00(D)(10) (2011) ("IQ results obtained between ages 7 and 16 should be considered current for four years when the tested IQ is less than 40, and for 2 years when the IQ is 40 or above."). Because the I.Q.'s from Plaintiff's elementary-school days are not valid now, the Commissioner contends, *Gibson* demands they be ignored.

The problem with the Commissioner's argument is that *Gibson* is easily distinguishable on a significant point. Unlike Plaintiff here, Gibson's I.Q. at the time of the alleged onset of disability – 82 – was above the level that the regulations set as the cut-off for a determination of disability based on mental retardation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (2011). Therefore, it did not matter what Gibson's I.Q. was before age twenty-two. In *Gibson*, the plaintiff was clearly trying to bootstrap a determination of mental retardation to outdated—and therefore irrelevant—I.Q. scores. Gibson's argument was that he was mentally retarded because his childhood I.Q. scores fell in the range the Regulations set as satisfying that determination. Those scores, however, had not stabilized, as indicated by the change from 67 at age six, to 76 at

---

[3] This fact is important because Defendant's failure to note an objection to this conclusion is tantamount to no objection and compels only a review for "clear error." *Elliott v. Commissioner of Social Security*, No. 6:10cv00032, 2011 U.S. Dist. LEXIS 92673 at *6 (W.D. Va. Aug. 19, 2011) (citing *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982)).

age twelve, and then to 82 at the time of the ALJ's determination. All that *Gibson* stands for, then, is that the Regulations cautioning against making a determination of mental retardation before I.Q. stabilizes are well-founded. In other words, Gibson failed to meet the first requirement[4] for a finding of mental retardation, making evidence of the second requirement "irrelevant." *See Gibson*, 2011 WL 6888532, at *1. The same is not true of Plaintiff. He has met the first requirement; evidence establishing the second requirement is therefore material.

Here, Plaintiff's current full-scale I.Q. has been found to be 66. (R. 20.) Because this is between 60 and 70, the Regulations require further inquiry into whether the "deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (2011). The new evidence presented is certainly material to that point. For that reason, the Commissioner's objection is overruled.

## IV.    CONCLUSION

Evidence which establishes that Plaintiff's "deficits in adaptive functioning initially manifested during the developmental period" is unquestionably material. Under well-settled standards, this new and material evidence should be presented in the first instance to the ALJ. For that reason, I will **OVERRULE** the Commissioner's objection, **ADOPT** Judge Crigler's R & R, **GRANT** Plaintiff's Motion for Summary Judgment, and **REMAND** this case to the Commissioner for further proceedings.

---

[4] The first requirement is a full-scale I.Q. of less than 70 at the time of the filing of the application for disability benefits; the second requirement is the evidence that demonstrates onset of the impairment before age 22. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (2011).

- 9 -

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 26th day of April, 2012.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE
